# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

CONDUENT STATE HEALTHCARE, LLC, )
f/k/a XEROX STATE HEALTHCARE, LLC, )
f/k/a ACS STATE HEALTHCARE, LLC, )
                                      )
       Plaintiff, )
                                        )
  v. )     C.A. 2022-0020 MMJ
                                        )
ACE AMERICAN INSURANCE COMPANY, )
                                        )
       Defendant. )

CONDUENT STATE HEALTHCARE, LLC, )
f/k/a XEROX STATE HEALTHCARE, LLC, )
f/k/a ACS STATE HEALTHCARE, LLC, )
                                        )
       Plaintiff, )
                                        )
  v. )     C.A. No. N18C-12-074 MMJ CCLD
                                        )
AIG SPECIALTY INSURANCE COMPANY )
f/k/a CHARTIS SPECIALTY INSURANCE )
COMPANY, *et al.*, )
                                        )
       Defendants. )

Submitted: January 27, 2022
Decided: February 10, 2022

ON PLAINTIFF'S MOTION FOR AN
ANTI-SUIT PRELIMINARY INJUNCTION

**GRANTED**

Adam S. Ziffer, Esq., (Argued), Robin L. Cohen, Esq., Keith McKenna, Esq., Cohen Ziffer Frenchman & McKenna LLP, New York, New York; Jennifer C. Wasson, Esq., David A. Seal, Esq., Carla M. Jones, Esq., Potter Anderson & Corroon LLP, Wilmington, Delaware, *Attorneys for Plaintiff*


Neal Glazer, Esq., (Argued), London Fischer LLP, New York, New York; Robert J. Katzenstein, Esq., Julie M. O'Dell, Esq., Smith Katzenstein & Jenkins LLP, Wilmington, Delaware, *Attorneys for Defendants*


**JOHNSTON, J.**[1]


## PROCEDURAL AND FACTUAL CONTEXT

Plaintiff Conduent State Healthcare, LLC ("Conduent") seeks to enjoin Defendant ACE American Insurance Company ("ACE") from continuing to litigate ACE's lawsuit filed in the New York Supreme Court.[2] Conduent asserts that the New York Action is duplicative, and addresses the same defenses to the same insurance claim under the same insurance policy that the parties have been litigating in the Delaware Superior Court for more than three years. The Superior Court case is set for trial, beginning February 14, 2022. Jury selection begins today, February 10, 2022.

---

[1] Sitting as a Vice Chancellor on the Court of Chancery by special designation, pursuant to Del. Const. Art. IV, §13(2).
[2] *ACE American Insurance Co. v. Conduent State Healthcare, LLC*, No. 657120/2021 (N.Y. Sup. Ct.).

ACE argues that the New York Action is a unique, unprecedented dispute, which never has been at issue in the Superior Court. Additionally, the declaratory judgment claim underlying the New York Action did not ripen until mid-December 2021.

The Superior Court case, filed on December 10, 2018, is a dispute about insurance coverage for Conduent's settlement of Medicaid-related claims brought against it by the State of Texas. ACE is a first layer excess insurance carrier and has denied coverage. ACE's defenses include the affirmative defense that ACE was not required to pay until the underlying primary policies are exhausted, and exhaustion has not yet occurred.

The Superior Court issued a summary judgment opinion in June 2021.[3] That decision held that the defendant insurers had a duty to defend Conduent against the Medicaid-related claims. However, factual issues prevented resolving indemnification obligations prior to trial. Following the June 2021 decision, the primary insurance carrier, AIG Specialty Insurance Company ("AIG"), agreed to entry of an order requiring AIG to pay its full $10 million primary policy limit toward Conduent's defense costs. AIG's payment was subject to reservation of its

---

[3] *Conduent State Healthcare, LLC v. AIG Specialty Ins. Co.*, 2021 WL 2660679 (Del. Super.).

right to appeal the Superior Court's defense rulings. AIG made payment in mid-December 2021.

Conduent requested that ACE pay approximately $2.1 million in excess defense costs. ACE has refused. ACE served Conduent in the declaratory judgment action in New York on December 27, 2021. The New York Action seeks a declaratory judgment that ACE has no present obligation to pay Conduent's defense costs. Although AIG paid its full policy limits, AIG reserved the right to appeal. Thus, ACE asserts that AIG's policy limits cannot be deemed "exhausted" until AIG pays without reservation.

Conduent filed this Chancery Court action on January 6, 2022. Following designation by Chief Justice Collins J. Seitz, Jr., with the consent of Chancellor Kathaleen St. J. McCormick, to sit as a Vice Chancellor in this case, Superior Court Judge Mary M. Johnston heard oral argument on the anti-suit preliminary judgment motion on January 27, 2022.

## ANTI-SUIT INJUNCTION STANDARD

In order to obtain a preliminary injunction, the plaintiff must demonstrate: (1) a reasonable probability of success on the merits; (2) that irreparable harm will occur

absent the injunction; and (3) that the balance of the equities favors granting the injunction.[1]

The purpose of an anti-suit injunction is: (1) to address a threat to the court's jurisdiction; (2) prevent evasion of an important public policy; (3) prevent a multiplicity of suits; or (4) protect a party from vexatious or harassing litigation.[2] Anti-suit injunctions should be entered sparingly. Such relief is appropriate only where there is clear evidence of threatened irreparable harm, equity supports the injunction, the relief will be effective, and comity has been fully exercised.[3] The Court's power to enjoin the prosecution of a proceeding in another jurisdiction is discretionary, and must be exercised cautiously.[4] Nevertheless, as a general matter, all claims arising from a single chain of events should, where practicable, be adjudicated in a single action in a forum having jurisdiction over all parties and capable of doing prompt and complete justice.[5]

## ANALYSIS

The parties in the New York Action have been in litigation in the Superior Court since 2018. The crux of the Delaware case is interpretation of the primary and excess insurance policies, and whether they provide coverage for defense costs and

---

[1]*Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173, 179 (Del. 1986).
[2]*In re: TransPerfect Global, Inc*, 2019 WL 5260362, at *14 (Del. Ch.).
[3]*North River Ins. Co. v. Mine Safety Appliances Co.*, 2013 WL 6713229, at *1 (Del. Ch.).
[4]*Ivanhoe Partners v. Newmont Mining Corp.*, 1988 WL 34526, at *3-4 (Del. Ch.).
[5]*Household Intern., Inc. v. Eljer Industries, Inc.*, 1995 WL 405741, at *1 (Del. Ch.).

the ultimate settlement reached between Conduent and Texas. The Superior Court already has found that the insurers are obligated to pay defense costs. The narrow issue in the New York Action is whether payment, subject to a reservation of right to appeal at the conclusion of the case, is or is not exhaustion of primary policy limits, which would trigger the payment obligations for the excess carriers. All parties agree that this precise issue is one of first impression under New York Law.

ACE argues that New York is the proper venue to address the exhaustion issue. Additionally, the New York Action is not duplicative because the conditional payment issue has never been raised in the Delaware case and will not be resolved as part of the upcoming trial.

In the Delaware case, ACE's Third Affirmative Defense states: "[Conduent's] claims against ACE are barred to the extent [Conduent] has not properly and fully exhausted all applicable retentions, other insurance, and the limits of liability of the underlying AIG Primary Policy." ACE argues that the focus of the Third Affirmative Defense is "solely on the conditions of AIG's payment, which have been approved by the Court, and therefore are not, and never have been, at issue in [the Superior Court case]. As a result, the New York Action and the triggering of ACE's potential liability by AIG's conditional payment, is not and cannot be duplicative of the forgoing affirmative defense." ACE contends that the "Conditional Payment" issue did not exist until AIG made payment on December 10, 2021. ACE concludes

that the "Conditional Payment" issue "is not just a 'horse of a different color;' it is an entirely different species."

The Court finds that Conduent has demonstrated a reasonable probability of success on the merits. Delaware has jurisdiction to consider the issue now pending in New York. ACE attempts to minimize the similarity of the Superior Court case and New York Action by describing the exhaustion issue as unique and separate. However, during argument on the instant motion, counsel for ACE conceded that there was no practical or legal impediment to the Superior Court deciding this legal issue.

Throughout the pending litigation, the parties in the Superior Court case have brought countless policy interpretation issues before the Court at all stages of the proceedings. The Superior Court has issued numerous decisions, and interpreted the relevant policies pursuant to New York law. The exhaustion/reservation of right to appeal/conditional payment issue is one which can and should be decided by the same court that has decided all other policy interpretation issues.

Viewing the facts in the light most favorable to ACE, the Court further finds that the Third Affirmative Defense is at least closely related (and more likely identical) to the issue raised in the New York Action. The New York Action

involves merely the *timing* of payment that already has been determined to be required by the policy terms.

The Court also finds that irreparable harm will occur absent the injunction. The parties are just a few days away from a lengthy and complex jury trial. Their attorneys undoubtedly are presently wholly consumed in trial preparation. The issues raised in New York should not simply be passed off to attorneys who are not intimately familiar with the Delaware litigation—no matter the extent of the resources of the New York litigants' law firms. In any event, an anti-suit injunction should not be granted or denied on the basis of the size of the parties' counsels' resources.

The balance of equities favors injunctive relief. The New York Action has barely begun. No issues of comity require that the Superior Court step aside at this stage of the proceedings. The issue of exhaustion clearly can be resolved by interpretation of the insurance policies—something the Superior Court has been dealing with in excruciating detail for over three years. ACE has failed to demonstrate that it will be prejudiced in any way by imposition of an anti-suit preliminary injunction.

# CONCLUSION

The Court finds that an anti-suit injunction is necessary to protect Conduent from "vexatious or harassing litigation."[12] Conduent has established a reasonable likelihood of success on the merits. There is no reason why the issue presented in the New York Action cannot be brought in the pending Superior Court case. Imminent, irreparable harm will result if the injunction is not granted and Conduent is required to participate in virtually duplicative litigation on the eve of, and during, trial in Delaware. The balance of equities favors injunctive relief.

THEREFORE, Conduent's Motion for an Anti-Suit Preliminary Injunction is hereby GRANTED.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[12] *See In re: TransPerfect Global, Inc*, 2019 WL 5260362, at \*14 (Del. Ch.).